UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN PYLE, on behalf of herself and all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>UNITY HOSPICE MANAGEMENT, INC.,<br><br>Defendant. | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, ANN PYLE, by her undersigned attorneys, for her Complaint against the Defendant UNITY HOSPICE MANAGEMENT, INC., alleges as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a multistate collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act. It is also brought as a state wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2. Plaintiff Ann Pyle is employed by Defendant as a registered nurse providing hospice care in the St. Louis, Missouri and Collinsville, Illinois areas. Defendant has four offices in Illinois, one in Missouri and one in Indiana. From these offices, Unity Hospice travels to its patients' homes to administer hospice care.

3. Defendant implemented a common scheme in all offices whereby Plaintiff and all other registered nurses were not paid for all hours worked and were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Act 820 ILCS §105 et seq.

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of all registered nurses employed by Unity Hospice. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of herself and all others similarly situated. Plaintiff brings this action as a multistate collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Unity Hospice Management, Inc. ("Unity") was and still is a domestic corporation with its headquarters in Skokie, Illinois.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

8. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay registered nurses overtime pay for all hours worked in excess of forty hours each workweek.

9. At all times relevant, Plaintiff and all other registered nurses were non-exempt employees of Unity, as defined by the FLSA. Plaintiff was employed by the Defendant from December 10, 2013 through the present.

10. At all times relevant, Unity Hospice was an employer, as defined by the FLSA and Illinois state law.

11. Defendant Unity Hospice is engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiff and all other registered nurses, in their capacity as employees of Defendant Unity Hospice, were engaged in interstate commerce.

13. During the course of employment with Defendant Unity, registered nurses, such as Plaintiff Pyle, were not exempt from minimum wage and/or overtime wages. However, the registered nurses did not receive overtime compensation as required by the FLSA and the IMWA.

14. Once a registered nurse completes his or her probationary period with Unity, they begin to accrue Paid Time Off ("PTO"). PTO accrues at the rate of 4.62 hours for each full pay period of 80 regular hours worked. This allows registered nurses to accrue up to 3 weeks of PTO for a full year. After five years with Unity, beginning with the 6th year, registered nurses accrue PTO at a rate of 6.12 hours per full pay period. This is equivalent to 4 full weeks of PTO in a full

year. PTO hours are to be used for sick leave, vacation, holidays or other permitted absences from work.

15. Upon termination of employment, a Plaintiff can "cash out" one third of their accrued PTO time up to forty hours. Any additional accrued PTO time will be considered unused sick time.

16. Paychecks issued to registered nurses compensated each registered nurse for a maximum of 80 hours for the two week period worked, regardless if the registered nurse worked in excess of 80 hours. Since the beginning of the class period of three years, Defendant has regularly scheduled registered nurses to work more than 40 hours every week.

17. Defendant routinely required registered nurses to work from 45-50 hours per week and sometimes more. The paycheck also itemizes the amount of PTO being used from each Plaintiff's bank of PTO hours. Notwithstanding the requirement that each Plaintiff work in excess of 40 hours per week, Defendant had, during the relevant time period, a policy of taking cash deductions for partial- and full-day hourly wages from Plaintiffs' pay checks, if the individual's PTO bank was empty and Plaintiffs were forced to miss work due to illness, vacation or other permissible reasons.

18. Defendant failed to pay overtime wages and other benefits to Plaintiffs by intentionally, willfully and improperly designating the position of registered nurse as exempt from federal laws requiring the payment of overtime pay in direct violation of the FLSA.

19. Defendant also does not adequately compensate Plaintiff and members of the class for what it incorrectly describes as "on call" time. In fact, an on call work period is another

full work shift that may last up to eight hours and sometimes much longer. And, during an on call work shift, Plaintiff and other class members are required to field phone calls from the after-hours exchange, document the phone calls, make home visits as needed or requested, make post to conform to Unity policy (Unity policy is that patient must be seen 24-48 hours after admission) and generally handle whatever comes in by phone. Plaintiff and the class are not able to do anything of a personal nature when they are on call. While the company does pay some compensation for on call time, it falls far short of the regular hourly rate that the company agreed to pay Plaintiff.

20. To the extent Defendant may have been entitled to claim an exemption from paying registered nurses overtime, this deduction of partial and full day wages because of insufficient PTO time was improper and defeated any claimed exemption from Defendant's obligation to pay overtime wages to Plaintiff.

21. On information and belief, the Defendant claims its registered nurses are exempt from entitlement to overtime compensation under the FLSA. Because registered nurses did not perform work of substantial importance to the management or operation of the business and because they did not exercise independent judgment and discretion as part of the day to day performance of their duties, Defendant's claim that Plaintiffs were exempt from payment of overtime under the FLSA is improper.

22. Plaintiffs are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS OF THE FLSA CLASS

23. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

24. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All registered nurses and persons in a similarly titled position who worked for Defendant Unity Hospice at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

25. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were subject to having their pay docked if they had insufficient credit in their PTO accounts to cover any absences from work and who were entitled under the FLSA to be paid for all hours worked and paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

26. Defendant has encouraged, permitted, and required the registered nurses to work without overtime compensation.

27. Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiffs and the Class all compensation for work in excess of 40 hours in a week.

28. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

29. Plaintiff realleges and incorporates by reference all the above allegations.

30. Under the FLSA, the registered nurses (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek.

31. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

32. Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

33. Defendant's violation of the FLSA for failure to pay The FLSA Class overtime wages was willful and deliberate.

34. Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

35. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

36. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## **CLASS ALLEGATIONS**

37. Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### **Class Action Law**

38. Rule 23 provides that a cause of action may be maintained as a Class Action if:

   a. The Class is so numerous that the joinder of all members is impracticable;

  b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

  c. The representative parties will fairly and adequately protect the interest of the Class; and,

  d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

## Proposed Class

39. Plaintiff seeks certification of the following classes:

"All individuals who were employed by Defendant, its subsidiaries or affiliated companies, as registered nurses or in a similarly titled position in the state of Illinois at any time during the relevant statute of limitations period who were not paid overtime for work done over forty hours in any given work week."

## The Employee Class Meets the Requirements for Class Certification Numerosity

40. The Class satisfies the numerosity standards. On information and belief, at the time this complaint was filed, Unity had approximately forty registered nurses in its 4 Illinois offices. Over the last five years, there have been at least another forty registered nurses who worked at Unity and who have the same claims as the Plaintiff. There is no question therefore that this lawsuit encompasses up to 80 potential claimants. The proposed Class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

**Common Questions of Fact or Law**

41. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendants failed to pay Plaintiff and Class members a guaranteed salary or a guaranteed hourly wage;

   b. Whether Defendant failed to pay Plaintiff and Class members all compensation due them;

   c. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them;

   d. Whether Plaintiff and the Class were expected to work in excess of 40 hours per week;

   e. Whether Plaintiff and the Class worked in excess of 40 hours per week;

   f. Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law;

   g. Whether the Defendant's failure to pay compensation, including overtime, was willful;

   h. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages;

   i. Whether Defendant withheld commissions owed to Plaintiff and the Class; and,

   j. Whether such withholdings constitute a breach of contract by Defendant.

42. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

43. Plaintiff's claims are typical of the claims of the Class members. The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for hours actually worked.

### Adequacy

44. The named Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

45. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

## COUNT II- FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

46. Plaintiff repeats and re-alleges the above paragraphs.

47. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

48. Defendant failed to pay Plaintiff for overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

49. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

50. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the registered nurses;

2. Order the disgorgement of all monies improperly retained or obtained by Defendant;

3. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

4. Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied them by Defendant's actions;

5. Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

6. Award Plaintiff punitive damages;

7. Award Plaintiff prejudgment interest pursuant to the IMWA;

8. Award Plaintiff post-judgment interest;

9. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

10. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: June 15, 2015                        Respectfully submitted,

                                            ANN PYLE

                                        By: ____/s/ Terrence Buehler_____
                                            Terrence Buehler
                                            **Touhy, Touhy, & Buehler, LLP**
                                            55 West Wacker Drive
                                            Suite 1400
                                            Chicago, Illinois 60601
                                            Telephone: (312) 372-2209


                                            Peter Lubin
                                            Vincent DiTommaso
                                            **DiTommaso-Lubin**
                                            DiTommaso-Lubin P.C.
                                            The Oak Brook Terrace Atrium
                                            17W220 22d Street, Suite 200
                                            Oak Brook Terrace, IL 60181